IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Shirley I. O'Neal, | ) | C/A No.: 3:12-733-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| John M. McHugh, Secretary of the Army, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

In this employment discrimination case, Shirley I. O'Neal ("Plaintiff"), a former employee of the Department of the Army, is suing John K. McHugh in his capacity as the Secretary of the Army ("Defendant"). Plaintiff alleges sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). [Entry #23].

This matter comes before the court on Defendant's motion for sanctions against Plaintiff for her failure to cooperate in discovery. [Entry #40]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Because the motion is dispositive, this report and recommendation is entered for the district judge's consideration. For the foregoing reasons, the undersigned recommends Defendant's motion for sanctions be granted.

I.      Factual and Procedural Background

Plaintiff alleges that she was sexually harassed by her supervisor, Robert Youmans, while employed at the education center at Fort Jackson, South Carolina. [Entry #23]. Plaintiff also claims that she was terminated in retaliation for having made "inquiry and taking informal EEOC action." *Id*. at ¶ 28. Plaintiff claims to have suffered financial, physical, and psychological damages as a result of the alleged harassment and retaliation. *Id*. at 3.

On November 6, 2013, Defendant filed a motion to compel seeking complete responses to his discovery requests originally served on Plaintiff on July 25, 2013. [Entry #37]. Defendant also sought costs and fees associated with scheduling Plaintiff's deposition, for which Plaintiff failed to appear. *Id*. Plaintiff failed to file a response to the motion to compel, and the undersigned granted the motion on December 4, 2013, and ordered Defendant to file complete discovery responses by December 16, 2013, and to pay the court reporter's costs for the deposition. [Entry #38].

On December 17, 2013, Defendant filed the instant motion for sanctions, arguing that Plaintiff's failure to comply with the undersigned's December 4, 2013, order constituted grounds for sanctions. [Entry #40]. According to the motion, Plaintiff failed to provide any further discovery responses or tender the costs associated with deposition, as the order directed. *Id*. Plaintiff filed a response, one day out of time, alleging that counsel was attempting to comply with the discovery, but essentially conceding that Plaintiff was not in compliance with the court's order to compel. [Entry #41]. Although Plaintiff referenced difficulty in obtaining her medical records from one of her providers,

2

she failed to provide any reason for failing to comply with the remaining discovery requests. *Id*.

On May 14, 2014, Defendant filed a status update indicating that the pending discovery requests remain largely unanswered. [Entry #45]. Specifically, Defendant alleged that the only medical records provided since the undersigned's December 4, 2013, order were 31 pages of medical records from one provider without billing or medication records included. *Id.* Defendant also noted that, while Plaintiff provided limited medical documentation, she failed to file any formal responses to the request for production and failed to provide any documents responsive to requests for production 3, 4, 5, 6, 8, and 9. *Id*. Plaintiff filed no reply to Defendant's status update.

On June 11, 2014, the undersigned ordered Plaintiff to show cause by June 18, 2014, why this case should not be dismissed for failure to prosecute for Plaintiff's largely unexplained failure to cooperate in discovery or to comply with the court's order of December 4, 2013, after over six months. [Entry #46]. Plaintiff filed a reply that essentially apologized for the failure to provide the discovery with little other explanation. For example, the response cited "an inexplicable inability (despite clear instructions[]) . . . to get Plaintiff to understand the urgency and completeness of the records required." [Entry #47]. The response also stated that Plaintiff's severe psychological and physiological distress "may have hindered Plaintiff's responses." *Id*. at 2. The response indicated that a complete formal response to Defendant's request for production were attached to the response and provided to counsel, but no responses were

3

attached. *Id*. Plaintiff requested that a lesser sanction be imposed, such as prohibiting Plaintiff from introducing evidence that had not been produced. *Id*.

On June 19, 2014, the undersigned issued an order stating, in relevant part, the following:

> After a thorough review of the docket in this case, the court is unable to decipher which discovery Plaintiff has responded to, the sufficiency of the responses, and the time that such responses were provided. The court is particularly interested to know whether discovery responses occurred after the close of discovery on November 18, 2013. Defendant is directed to file by June 26, 2014, a response to Entry #47 that addresses these questions and provides the court with a timeline relevant to the discovery. Defendant should also address what sanctions are appropriate for the failure of Plaintiff and her counsel to meet the discovery obligations and/or comply with the court's orders.

[Entry #48]. The order scheduled a telephonic hearing for July 2, 2014. Defendant's response indicated that Plaintiff had not provided any documents for eight medical providers and four pharmacies listed in her interrogatory answers. [Entry #51]. Defendant indicated that Plaintiff had not produced documents responsive to requests for production numbered 1–6 and 9–10. *Id*. at 1–2. Finally, Defendant stated that Plaintiff had failed to sign her interrogatory responses, pursuant to Fed. R. Civ. P. 33(b)(5), or provide a formal written response to the requests for production. *Id*. at 2. Defendant requested dismissal of the case as an appropriate sanction, based on Plaintiff's continued flagrant refusal to fully cooperate in discovery or comply with the court's order. [Entry #51].

On July 1, 2014, Defendant filed a supplemental response indicating that Plaintiff had since served formal responses to the requests for production, albeit almost a year overdue. [Entry #52]. Defendant indicated that the document production, including

4

supplements, was still "woefully inadequate." *Id*. Specifically, Defendant indicated that he had requested medical records from 2008–2013, but Plaintiff had not provided any medical notes prior to 2010, although some pre-2010 billing records had been produced from one provider. *Id*. Defendant argued that it is impossible to assess whether Plaintiff's claimed physical and psychological damages were caused by the alleged sexual harassment that began in June 2009 without the 2008–2009 records. *Id*. Defendant also indicated that the records provided appeared deficient and that neither a medical provider nor Plaintiff provided a certification that such records are complete. *Id*. at 2. Finally, Defendant indicated that Plaintiff had again failed to provide any records from several medical providers and pharmacies. *Id*.

The undersigned held a telephonic hearing in this matter on July 2, 2014, with Plaintiff, Plaintiff's counsel Thomas G. Eppink, Esq., and Defendant's counsel Terri Hearn Bailey, Esq. During the hearing, the court questioned the parties about whether dismissal was the proper sanction or whether lesser sanctions might suffice. Ms. Bailey argued that dismissal was the appropriate sanction because she is unable to defend her case without the requested discovery. For instance, Ms. Bailey noted that there is no way to determine whether Plaintiff's claimed medical damages were caused by the alleged harassment without an opportunity to review Plaintiff's pre-2010 medical records. [Entry #55 at 4–6]. In response, Mr. Eppink stated that he believes an appropriate sanction would be to punish him monetarily and stated that he was at fault. *Id*. at 7. However, Ms. Bailey noted that Plaintiff's request to the medical providers was specifically limited to records beginning in 2010, and Mr. Eppink admitted that he had promptly served Plaintiff

5

with the requests that asked for records from 2008 until 2013. *Id*. at 7–8. Mr. Eppink argued that Plaintiff had been under significant emotional and psychological stress and did not fully appreciate the consequences of her failures to comply. *Id*. at 9. The undersigned also heard from Plaintiff, who essentially reiterated that she had provided records beginning in 2010. *Id*. at 23. Plaintiff appeared to argue that there were no pre-2010 records or that such records were not relevant, but did not address why she specifically limited her search to documents beginning in 2010. *Id*.

With regard to determining the appropriate sanction, Ms. Bailey objected to Plaintiff's prior suggestion that an appropriate alternate sanction would be for the court to limit Plaintiff from introducing evidence that she did not produce. *Id*. at 10–11. Ms. Bailey argued that such a sanction allows Plaintiff to pick and choose what to produce in discovery. *Id*. Upon questioning, Ms. Bailey agreed that a dismissal of the sexual harassment claim might be a less drastic alternative to dismissal, as the medical records would presumably be used to support the claimed damages from the sexual harassment claim. *Id*. at 12–13. However, Mr. Eppink objected to such a sanction, arguing that the sexual harassment claim is 90% of the case. *Id*. Mr. Eppink suggested that another alternative may be for the parties to have a pretrial agreement to prorate any award of damages. *Id*. at 16. Ms. Bailey objected to this suggestion and argued that without complete discovery, she is foreclosed from being able to adequately attack whether Plaintiff had been damaged to any degree. *Id*. at 17. Neither Plaintiff nor her counsel suggested any other appropriate sanctions.

II.     Discussion

Pursuant to Rule 37, the court may impose sanctions, including dismissal of the action, for the failure to obey a discovery order. *See* Fed. R. Civ. P. 37(b)(2). *See Robinson v. Yellow Freight Sys.*, 132 F.R.D. 424 (W.D.N.C. 1990), *aff'd*, 923 F.2d 849 (4th Cir. 1991) (upholding dismissal with prejudice of *pro se* plaintiff's claim pursuant to Fed. R. Civ. P. 37(b)); *Chambers v. NASCO, Inc*., 501 U.S. 32, 62 (1991) (courts have the authority to dismiss cases under Rules 37 and 41 as part of the courts' "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse").

Prior to imposing the sanction of dismissal, the district court must consider four factors: (1) whether the noncomplying party acted in bad faith; (2) the degree of prejudice suffered by the other party or parties as a result of the failure to comply; (3) the deterrence value of dismissal as a sanction for noncompliance; and (4) the efficacy of a less drastic sanction. *Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989). The Fourth Circuit has emphasized the importance of warning the offending party of what may follow prior to dismissing the action for failure to comply with discovery obligations. *See, e.g., Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995); *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 473 (4th Cir. 1993) (court must give the noncomplying party an "explicit and clear" warning of the consequences of failing to satisfy the court's conditions and orders); *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987) (stating that warning was a "salient fact" that distinguished cases in which default judgment was an appropriate sanction for discovery abuse under Rule 37).

Here, although Mr. Eppink insists that Plaintiff's psychological stress resulted in her failure to comply with the discovery, Plaintiff has set forth no evidence that she tried to comply with the discovery requests or the court's order compelling such requests. For instance, she appears to have unilaterally limited her requests to medical providers to records beginning in 2010. [Entry #55 at 7–8]. Plaintiff has offered no explanation for such action, but simply stated to the court that "the problems that I may have had were not prior to 2010." *Id*. at 23. Defendant has suffered severe prejudice as a result of Plaintiff's failures because Ms. Bailey has not had an opportunity to assess whether Plaintiff's claimed damages were caused by the alleged harassment or depose any of Plaintiff's medical providers. The deterrence value of dismissal in this case is also significant because, as the court explained to Plaintiff during the hearing, if litigants are allowed to pick and choose which discovery requests to answer, the judicial system loses its integrity. Finally, the court must consider whether a less drastic sanction is appropriate. Plaintiff and her counsel did not suggest a less drastic sanction that did not also severely prejudice Defendant.

The undersigned issued the June 11, 2014, order to show cause why this case should not be dismissed for Plaintiff's failure to cooperate in discovery. [Entry #46]. Plaintiff was aware of the order and the possibility of dismissal by June 17, 2014, at the latest. [Entry #47-1 at 4]. Despite this possibility, Plaintiff had provided few additional records to Defendant by the time of the hearing on July 2, 2014. Therefore, Plaintiff was adequately warned of the possibility of dismissal based on her failure.

In an effort to exercise extreme caution, the undersigned recommends that Plaintiff's sexual harassment claim be dismissed. Plaintiff's unexplained failure to cooperate in discovery, particularly with regard to her medical records that form the basis for her damages on her sexual harassment claim,[1] is highly prejudicial to Defendant and should not be excused. The undersigned finds that dismissal of the sexual harassment claim is most appropriate, because it is possible that the medical records that were not produced also contain information that would be helpful to Defendant with regard to liability. Plaintiff's retaliation claim should be allowed to proceed, but she should be precluded from introducing medical records to show damages related to her retaliation claim.[2]

In the alternative, the undersigned recommends that Plaintiff be prevented from introducing any medical evidence to support her claim for damages. The undersigned further recommends that the deadline to file dispositive motions be extended to thirty days after the date of the district judge's order on the instant motion.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

July 11, 2014                                  Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[1] The undersigned notes that because Plaintiff has not identified any medical expert witness to testify regarding causation, she may be precluded from introducing any medical records regardless of a sanction.

[2] The undersigned notes that Plaintiff admitted that she had not made efforts to mitigate damages by applying for any jobs since her termination. [Entry #55 at 19].

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).