IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Shirley I. O'Neal, | ) | C/A No. 3:12-733-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER ADOPTING** |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **IN PART** |
| John M. McHugh, Secretary of the Army, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Through this action Plaintiff Shirley I. O'Neal ("Plaintiff") seeks recovery from her former employer for alleged sexual harassment and retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). A motion for sanctions has been filed by Defendant John M. McHugh, Secretary of the Army ("Defendant"). ECF No. 40.

The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636 (b) and Local Rule 73.02(B)(2), D.S.C., filed on July 11, 2014. ECF No. 56. The Report recommends that the court sanction Plaintiff for her repeated non-cooperation in discovery. First, it recommends dismissal of Plaintiff's claim for sexual harassment based, most critically, on her failure to cooperate in discovery relating to medical records. In the alternative, the Report recommends that Plaintiff be "prevented from introducing any medical evidence to support her claim for damages" based on sexual harassment. Similarly, as to Plaintiff's claim for retaliation, the Report recommends Plaintiff be precluded from introducing medical records to show damages.[1] Finally, the Report recommends

---

[1] The Report also notes that "because Plaintiff has not identified any medical expert witness to testify regarding causation, she may be precluded from introducing any medical records regardless of a sanction." Report at 9, n.1.

1

that the court set a dispositive motions deadline thirty days after the court rules on the present motion for sanctions. *Id.* at 9.

The parties were advised of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. *Id.* Neither party has filed any objections, which were due on July 28, 2014.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

The court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the court adopts the Report's alternative recommendation as to the sexual harassment claim and primary recommendation as to the retaliation claim.[2] The court, therefore, precludes Plaintiff from introducing any medical evidence in support

---

[2] The court adopts the alternative recommendation as to the sexual harassment claim because it finds this to be the least drastic sanction sufficient to have the necessary deterrent effect. The court has also considered that the evidence of bad faith is limited and ambiguous.

2

of either claim or testifying that she either sought or received medical treatment as a result of the alleged wrongs, unless the door is otherwise opened by Defendant. The court also sets a dispositive motions deadline of August 29, 2014.

This matter shall automatically be referred to the Magistrate Judge in the event a dispositive motion is filed. Absent such a motion, the parties shall engage in mediation on or before September 12, 2014, pursuant to Local Civil Rules 16.04 – 16.12. *See* Standing Order to Conduct Mediation 4:00-mc-5001, which sets forth mediation requirements and is found on the court's website under Judge Currie's forms (http://www.scd.uscourts.gov).[3]

The following additional pretrial deadlines apply if no dispositive motion is filed[4]:

1. No later than September 19, 2014, the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures. Within fourteen (14) days thereafter (October 3, 2014), the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(4).

2. Motions in limine must be filed at least three weeks prior to jury selection (October 16, 2014).

3. Parties shall furnish the court pretrial briefs five (5) business days prior to the date set for jury selection (Local Civil Rule 26.05) (October 30, 2014).[5] Attorneys shall meet at least five (5)

---

[3] Because of the limited time between the dispositive motions deadline and mediation deadline, the parties should confer within seven days of receipt of this order regarding whether either party anticipates filing a dispositive motion and, if not, to arrange a mediation date.

[4] In the event one or more dispositive motions are filed, these deadlines are automatically stayed and will be reset after the motions are resolved.

[5] Judge Currie requires that pretrial briefs be filed with the Clerk of Court as part of the public record and served on opposing parties.

business days prior to the date set for submission of pretrial briefs for the purpose of exchanging and marking all exhibits (October 23, 2014).  *See* Local Civil Rule 26.07.

4. This case shall be called for trial during the November 2014 term of this court, with jury selection set for November 6, 2014.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
August 6, 2014