IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Shirley I. O'Neal, | C/A No.: 3:12-733-CMC-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| John M. McHugh, Secretary of the Army, | |
| Defendant. | |

In this employment discrimination case, Shirley I. O'Neal ("Plaintiff"), a former employee of the Department of the Army at Fort Jackson, is suing John K. McHugh in his capacity as the Secretary of the Army ("Defendant"). Plaintiff alleges sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). [Entry #23]. This matter comes before the court on Defendant's motion for summary judgment filed on August 29, 2014. [Entry #60]. On September 2, 2014, the undersigned advised the parties that the court did not anticipate granting any extensions of the briefing schedule. [Entry #62]. To date, Plaintiff has failed to file a response to Defendant's motion for summary judgment.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.). Because the motion for summary judgment is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that

follow, the undersigned recommends the district court grant Defendant's motion for summary judgment.

I.     Factual Background

From October 2004 until her retirement on September 3, 2010, Plaintiff was employed as an Education Specialist by the Army at Fort Jackson in the Army Continuing Education Services ("ACES"). [Entry #60-1 at 3].[1] Robert Youmans was Director of Human Services and was Plaintiff's direct supervisor from 2004 until spring 2010, when Lonnie Stinson became her first line supervisor. Pl. Dep. at 26:15–27:2.[2] Although Youmans was Plaintiff's first line supervisor, they did not work in the same building. [Entry #60-1 at 3].

---

[1] The undersigned has cited Defendant's memorandum for assertions of facts that are not cited in the record or for which Defendant provided a purported cite that is missing from the record. Although it appears from the selection of particular pages from multiple-page documents that Defendant was deliberate about what materials to include in the record, it is unclear why Defendant has failed to include many of the documents to which he cited. In addition, it is often to which page of the record Defendant intended to cite, as the documents often contain multiple page numbers. However, because Plaintiff has failed to dispute any of Defendant's factual assertions, the undersigned has considered Defendant's factual assertions undisputed for the purposes of this motion only, pursuant to Fed. R. Civ. P. 56(e)(2). Absent the procedural history of this case coupled with Plaintiff's failure to provide any response to the motion, the undersigned would not be inclined to accept such assertions of fact as undisputed. It is not the court's role to search through the voluminous record in this case to perform the analysis that counsel is required to perform pursuant to Fed. R. Civ. P. 56(a) and (c)(1). *See Givens v. Smith*, 2014 WL 4250371 (N.D.W.Va. 2014) ("The Court is 'not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim.' Likewise, the Court will not ferret through the record in other cases looking for evidence of a factual dispute.") (internal citation omitted)

[2] Excerpts from Plaintiff's deposition can be found at Entry #60-2.

2

On February 17, 2009, Youmans forwarded Plaintiff an email requesting that she nominate employees to attend a conference in July 2009. *Id.* at 4. Youmans requested Plaintiff provide by Friday, February 20, 2009, a brief summary of the benefits of this conference and recommendation as to who should attend. *Id.* On the following Monday, Plaintiff responded with her recommendation that she should be chosen to attend the conference. *Id.* On February 25, 2009, Youmans approved Plaintiff to nominate herself to attend the conference. [Entry #60-3 at 36–37]. Peggy Pen, Human Resources Administrative Officer, asked Plaintiff to provide administrative information regarding the conference no later than March 2, 2009. *Id.* at 36. This date was extended to May 22, 2009, but Plaintiff did not provide the requested information until May 29, 2009. *Id.* at 35–36. Plaintiff was permitted to attend the training. [Entry #60-1 at 4]. According to Defendant and undisputed by Plaintiff, the delays in the approval process were due to Plaintiff's failure to provide information in a timely manner. *Id.*

Plaintiff's Performance

Youmans counseled Plaintiff as early as 2007 on proofreading and writing style. [Entry #60-6]. Plaintiff's grammar and punctuation mistakes persisted and Youmans continued to counsel Plaintiff on her need to improve. *Id.* Additionally, Plaintiff was counseled for missed deadlines. *Id.* On August 24, 2009, Youmans determined that Plaintiff had failed to accomplish the performance standards of two of her three job objectives and placed her on a Performance Improvement Plan (PIP). [Entry #60-3 at 17–20].

3

The PIP stated that Plaintiff needed to improve her writing skills and proofread her emails and documents. *Id*. Youmans recommended that she take advantage of various training courses and that she schedule correspondence training for herself and her staff. *Id*. at 20. The PIP allowed her 90 days, until November 21, 2009, to bring her performance up to an acceptable level and notified her that continued unacceptable performance could lead to removal from her position and reassignment, involuntary reduction in grade and reassignment, or removal from federal service. *Id*. at 17. According to Defendant, Plaintiff admitted that she did not comply with the specific objectives from the August PIP, including that she did not schedule the correspondence training or take any additional training at this time. [Entry #60-1 at 6]. Defendant states that Plaintiff established a system to track actions as required, although she admitted it was ineffectual, and she did not establish a system for passing information to staff. *Id*.

On November 17, 2009, Youmans observed that Plaintiff's performance remained unacceptable and extended the PIP an additional 90 days, until February 15, 2010, for Plaintiff to improve her performance. [Entry #60-1 at 6]. Defendant states that although Plaintiff continued to work on the objectives outlined in the PIP, she admitted that she was unable to comply with all of them. *Id*. at 6–7; #60-3 at 21. Plaintiff was ill and out of work from January 29 through April 16, 2010. *Id*. at 7. On May 18, 2010, Youmans extended Plaintiff's PIP again, providing another 90 day opportunity for improvement. [Entry #60-3 at 21–23]. He explained that he was providing this additional opportunity because Plaintiff had been on extended leave and because the Army had converted from the National Security Personnel System to the General Schedule system. *Id*. This PIP

4

reiterated Youmans' continued concerns about Plaintiff's unacceptable performance. *Id*. According to Defendant, Plaintiff admitted that she did not comply with all of the specific objectives and standards detailed in the PIPs. [Entry #60-1 at 7].

Plaintiff was issued a Notice of Proposed Removal on August 18, 2010. [Entry #60-3 at 24–28]. The reasons stated for removal included Plaintiff having provided inaccurate information regarding actions and taskings, inappropriate delegation of actions and taskings contrary to guidance, and not completing actions in an accurate and timely manner. *Id*. Youmans provided 27 separate instances of unsatisfactory performance and failure to follow supervisory instructions to support the proposed removal. *Id*. Defendant represents that Plaintiff retired on September 2, 2010. [Entry #60-1 at 7].

Plaintiff's Harassment Allegations and EEO Activity

While on medical leave, Plaintiff contacted an Equal Employment Opportunity ("EEO") counselor on February 25, 2010. [Entry #60-3 at 7]. It appears she gave a "Sexual Harassment/Sexual Assault" timeline to the EEO counselor on March 23, 2010. *Id*. at 8–10. According to the timeline, Plaintiff alleges: (1) Youmans stated in May 2009 that he would deny Plaintiff's request to attend the July 2009 conference unless he could go with her, and he continued to "deny the conference training" in June 2009; (2) Youmans asked Plaintiff in July 2009 if he could join her at the conference; (3) Youmans rubbed Plaintiff's hand and back and said that her top could be a little lower in August 2009; (4) in September 2009, Youmans suggested that Plaintiff return to work after hours for no reason, asked if she was working late, and asked if she could stay late at the office until he completed the Retiree Council Meeting; (5) Youmans told Plaintiff in October

5

2009 that if she did not improve her performance, he would "break [her] down;" and (6) Youmans asked Plaintiff in December 2009, if he could spend time with her before she took leave. *Id.* at 9–10.

Plaintiff also alleged in the timeline that on an uncertain date in September 2009, Youmans "touched his penis in front of me, and then said, 'Oh! I shouldn't do that!' I continued to pull away from him, but he continued to pursue me." *Id.* at 9. Plaintiff did not report this incident to anyone. Pl. Dep. at 100. At her deposition, Plaintiff alleged for the first time that during this incident, Youmans exposed his penis to her, but said that she was at her desk and Youmans was next to the picture window in her office. Pl. Dep. at 97–99. At her deposition, she also testified about an additional incident that was not disclosed in the EEO investigation, alleging for the first time that, during a meeting with Youmans in her office, he rubbed his penis without exposing himself. Pl. Dep. at 99.[3]

On April 8, 2010, before Plaintiff returned from medical leave, Defendant offered to reassign Plaintiff to another supervisor, but she refused. [Entry #60-5 at 9]. On June 15, 2010, Plaintiff filed a restraining order against Youmans in Richland County Magistrate's Court. [Entry #60-3 at 5–6]. In support of her motion, Plaintiff alleged the following three instances in which Youmans allegedly drove by her home:

---

[3] The details of the incident in which Youmans allegedly exposed himself vary significantly from Plaintiff's EEO timeline, her fact-finding testimony, and her deposition in this case. The court notes that Plaintiff cannot create an issue of fact by her own testimony. *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984) ("A genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct.").

- On April 15, 2010, she observed Youmans driving by the Education Center and slowing down close to her car. She also noticed him driving by her apartment complex that evening.

- On May 17, 2010,[4] she noticed him driving by the circle at her apartment and her daughter asked who it was.

- She stated that on May 24, 2010, Youmans stopped at her apartment complex, blocked her car in, and "stated that he would get [her] for putting in the harassment case against him. He stated he would not [sic] see this through!"

*Id.* At her deposition, Plaintiff admitted that April 15 was not the correct date of the first incident, as Youmans was out of town on this date and Plaintiff was on sick leave. Pl. Dep. 128–129. According to Defendant, Plaintiff also testified that Youmans drove by her apartment on a Saturday, and therefore could not have driven by her work on that day. [Entry #60-1 at 15–16]. Plaintiff did not know the correct date. Pl. Dep. at 128. Leave records indicate that Youmans was on leave from May 20–28, 2010, and his credit card billing records are consistent with out of state travel during this time. [Entry #60-3 at 38–41].

II.     Discussion

    A.     Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts

---

[4] The motion for the restraining order actually lists this date as June 17, 2010. [Entry #60-3 at 5]. However, this appears to be a scrivener's error, as Plaintiff's motion is dated June 15, 2010. *Id.* Additionally, when Plaintiff amended her EEO complaint to include these incidents, she listed May 15, 2010, as the date for the same incident. [Entry #60-1 at 14].

to the non–movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

    B.    Analysis

As an initial matter, the undersigned recommends Defendant's motion for summary judgment be granted as unopposed. Further, a merits review of the motion entitles Defendant to summary judgment.

    1.    Sexual Discrimination/Harassment

Defendant argues that Plaintiff's claims should be dismissed for failure to timely exhaust her administrative remedies.

Title VII creates a right of action for employees alleging "discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–16(a). Federal employees alleging discrimination "must, however, exhaust their administrative remedies before exercising this right." *Laber v. Harvey*, 438 F.3d 404, 415 (4th Cir. 2006). A federal employee does so by first contacting an EEO counselor "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). If, after meeting

8

with a counselor, the employee wishes to continue with the complaint process, she must file a formal complaint, which the agency must investigate. 29 C.F.R. §§ 1614.106, 1614.108. Untimeliness of an administrative charge or a complaint in federal court does not deprive the federal court of subject matter jurisdiction; rather, these deadlines, like a statute of limitations, are subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Laber*, 438 F.3d at 429 n. 25.

Plaintiff's allegations of sexual harassment span from May 2009 until December 2009. Plaintiff first contacted an EEO counselor on February 25, 2010. Therefore, Defendant is entitled to summary judgment on Plaintiff's sexual harassment/discrimination claim based on her failure to timely exhausting her administrative remedies within 45 days. Although Plaintiff claims she was harassed by Youmans outside of work[5] in April and May 2010 when he allegedly drove by her apartment, such allegations are factually distinct from her harassment allegations, in that they do not involve allegations of a sexual nature and they took place outside of work. These incidents, when considered without the 2009 allegations, do not demonstrate harassment that is sufficiently severe and pervasive to state a claim under Title VII.

---

[5] Although Plaintiff's motion for a restraining order first alleged that Youmans slowed down close to Plaintiff's car at the Education Center on April 15, 2010, Plaintiff appears to have conceded that this was not the correct date, as she did not return from medical leave until April 16, 2010. Her amended complaint alleges a similar incident occurred on December 8, 2009, which may account for the discrepancy. [Entry #23; Entry #60-1 at 15–16]. Regardless, Plaintiff cannot create issues of fact by her own testimony. *See Barwick, supra*, n.3.

### 2. Retaliation

#### a. Exhaustion

According to Defendant, Plaintiff amended her formal complaint of discrimination on August 19, 2010, to add a retaliation claim. [Entry #60-1 at 12]. The Fourth Circuit has held that a plaintiff asserting a Title VII claim of retaliation for filing a previous administrative charge is not required to separately exhaust administrative remedies with regard to alleged retaliatory acts occurring after the charge of discrimination. *See Nealon v. Stone,* 958 F.2d 584, 590 (4th Cir. 1992). The holding is based in part on the reasoning that a plaintiff who has already been retaliated against for exercising her Title VII rights need not risk additional retaliation by filing a second administrative charge. *Id.* at 590. Thus, *Nealon* essentially created an exception to the general rule that all discrete acts of discrimination must be separately exhausted. Therefore, it appears that Plaintiff's retaliation claim should be considered exhausted.

#### b. Merits of retaliation claim

In her complaint, Plaintiff alleges the following to support her retaliation claim: (1) "As a result of her making inquiry and taking informal EEO action, Plaintiff's treatment at the hands of Youmans worsened;" (2) "In retaliation for Plaintiff's refusal to acquiesce to Youmans sexual advances, Youmans continued the campaign against Plaintiff described above and other actions too numerous to recount here, that ultimately led to Youmans terminating, without justification Plaintiff's employment with the Department of the Army;" and (3) "Plaintiff's making inquiry and taking informal EEO action was a determinative factor in Plaintiff being retaliated against and suffering sexual

discrimination and harassment and ultimately led to her termination from employment." [Entry #23 at ¶¶ 26–28].

To state a prima facie case of Title VII retaliation, Plaintiff must show: (1) that she engaged in a protected activity; (2) that she suffered an adverse employment action at the hands of her employer; and (3) that her protected activity was the "but-for" cause of the adverse employment action. *Bryant v. Aiken Reg'l Med. Ctrs.*, 333 F.3d 536, 543 (4th Cir. 2003); *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2533 (2013) (holding that plaintiff claiming retaliation must show that the protected activity was the but-for cause of adverse employment action). Plaintiff engaged in a protected activity by making an EEO complaint and suffered an adverse employment action when she received a Notice of Proposed Removal on August 18, 2010. However, Plaintiff has not shown that but for her making an EEO complaint, she would not have been terminated.

Youmans placed Plaintiff on a PIP due to her poor work performance on August 24, 2009, six months before she contacted the EEO counselor. Youmans provided a detailed list of the areas in which Plaintiff needed to improve and provided a course of action to ensure that she improved. Plaintiff does not dispute that she did not improve in all the areas required in the PIP. Plaintiff was given an opportunity to improve through an extended PIP. When she failed to correct her deficiencies, Youmans presented her with a Notice of Proposed Removal, citing 27 separate instances of unsatisfactory performance. [Entry #60-3 at 24–28]. Therefore, the undersigned recommends that Defendants be granted summary judgment on Plaintiff's retaliation claim because she has failed to set

forth a prima facie case by showing that her protected activity was the but-for cause of her termination.

Even if Plaintiff were to set forth a prima facie case, Defendant has provided a legitimate non-discriminatory reason for the adverse employment action: her failure to successfully complete the PIP. The burden shifts to Plaintiff to show that Defendant's proffered reason is pretext. Plaintiff has failed to offer any evidence to meet this burden. Therefore, even if Plaintiff were able to establish a prima facie case of retaliation, Defendant is entitled to summary judgment because Plaintiff has failed to demonstrate any evidence showing Defendant's proffered reason for the adverse employment action is pretextual.[6]

III.     Conclusion

For the foregoing reasons, the undersigned recommends the district judge grant Defendant's motion for summary judgment. [Entry #60].

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

October 2, 2014                                          Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[6] Defendant represents that Plaintiff ultimately retired on September 2, 2010. To the extent that Plaintiff alleges she was constructively discharged, she has failed to provide any evidence that her working conditions were intolerable. Her amended complaint does not mention a single allegation about her working conditions after December 2009. [Entry #23].

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).