IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Shirley I. O'Neal, | C/A No. 3:12-733-CMC-SVH |
| Plaintiff, | |
| v. | **OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION** (Granting Summary Judgment) |
| John M. McHugh, Secretary of the Army, | |
| Defendant. | |

Through this action Plaintiff Shirley I. O'Neal ("Plaintiff") seeks recovery from her former employer for alleged sexual harassment and retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). The matter is before the court on Defendant's motion for summary judgment. For the reasons set forth below, the motion is granted in full.

## BACKGROUND

By order entered August 6, 2014, the court granted Defendant's motion for sanctions, limiting Plaintiff's damages. ECF No. 58. Defendant, thereafter, moved for summary judgment on the merits. ECF No. 60.

In accordance with 28 U.S.C. § 636 (b) and Local Rule 73.02(B)(2), Defendant's motion for summary judgment was referred to Magistrate Judge Shiva V. Hodges for a Report and Recommendation ("Report"). The Magistrate Judge entered a Report on October 2, 2014, noting that Plaintiff had failed to respond to the motion for summary judgment and recommending that the motion be granted in full. ECF No. 63.

The parties were advised of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. *Id.* Neither party has filed any objections, which were due on October 20, 2014.

## STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

## DISCUSSION

The court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the court adopts the reasoning and recommendations of the Report and grants Defendant's motion. In doing so, the court relies on Rule 56(e)(2) of the Federal Rules of Civil Procedure, which allows the court to "consider [a] fact undisputed for purposes of the motion" when that party "fails to properly address another party's assertion of fact as required by Rule 56(c)[.]"

## CONCLUSION

For the reasons set forth above, Defendant's motion for summary judgment is granted in full.

Judgment shall be entered in favor of Defendant on all claims.

IT IS SO ORDERED.

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
October 22, 2014